**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2773-22

ROBERT RIVERA,

     Plaintiff-Appellant,

v.

UNION COUNTY, TOWNSHIP
OF HILLSIDE,

     Defendant-Respondent,

and

STATE OF NEW JERSEY, NEW
JERSEY AMERICAN WATER,
and/or ELIZABETHTOWN WATER
COMPANY,

     Defendants.

_____

Submitted May 21, 2024 – Decided August 20, 2024

Before Judges Sumners and Smith.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Docket No. L-3250-20.

Forman, Cardonsky & Tsinman LLC, attorneys for appellant (Samuel Tsinman, on the briefs).

Rainone Coughlin Minchello, LLC, attorneys for respondent (Thomas Schoendorf, on the brief).

PER CURIAM

Plaintiff appeals the trial court's order denying his motion to extend discovery pursuant to Rule 4:24-1(c).  We affirm.

We briefly recount the salient factual and procedural history.  On October 2, 2020, plaintiff sued defendant Hillside Township (Hillside) for alleged damages he sustained after his vehicle struck a raised manhole cover.  During the litigation, plaintiff amended his complaint to add defendant New Jersey American Water Company (New Jersey American), and discovery was extended five times in orders dated:  June 20, 2021; August 11, 2021; November 19, 2021; March 18, 2022; and October 26, 2022.  The discovery extensions had different origins.  The June 20 order was issued by the court after a case management conference.  The August 11 extension stemmed from plaintiff's letter request for an automatic extension pursuant to Rule 4:24-1.  The November 19 extension order resulted from a motion by Hillside.  The March 18, 2022 and October 26, 2022 discovery extension orders were the result of plaintiff's motion practice.

The trial court issued the fifth and final discovery extension order on October 26, 2022. The order set out a detailed schedule, which included: all written discovery to be exchanged by November 21, 2022; fact witness depositions completed by December 21, 2022; plaintiff's expert report due by January 5, 2023; and defense's expert report due by February 5, 2023. In the same order, the court scheduled trial for February 13, 2023.

While New Jersey American's motion for summary judgment was pending, plaintiff moved to extend discovery for a sixth time, on February 3, 2023. The trial court denied the motion by order dated February 3, 2023 without argument, and noted the motion was unopposed. The court's order incorporated written findings, which stated:

> This auto negligence case is over two years old, has had [five discovery] extensions and has had arbitration and trial dates scheduled. There has been no showing of diligence and thus no exceptional circumstances.
>
> . . . .
>
> Denied as arbitration date is scheduled and the movant has [f]ailed to make a showing of exceptional circumstances as [r]equired by R[ule] 4:24-1(c).

Plaintiff moved for reconsideration, contending his expert witness was unable to issue an opinion at the eleventh hour, necessitating a search for a new expert. According to plaintiff, this last-minute expert witness challenge

warranted a finding of exceptional circumstances. The court denied reconsideration on March 17, 2023, making findings on the record similar to the ones it made on February 3. Citing Rule 4:24-1(c), the court found plaintiff had not shown exceptional circumstances warranting a sixth extension of discovery on the eve of trial. The court made no findings relative to reconsideration, electing instead to address the merits of plaintiff's motion.

Plaintiff appeals, arguing that he has shown exceptional circumstances under Rule 4:24-1(c), and that the trial abused its discretion by failing to grant the motion to extend discovery. Plaintiff contends that his expert notified him in January 2023 that he would not be able to offer an opinion, and that the expert informed him of this after a New Jersey American fact witness was deposed on January 23, 2023. He contends that this late news necessitated his motion to extend discovery a sixth time to get a new expert. Plaintiff further contends that New Jersey American had just been added as a defendant in 2022, and that an associate's departure and COVID-related office issues hampered plaintiff's counsel's firm in 2022.

"An appellate court applies 'an abuse of discretion standard to decisions made by [the] trial courts relating to matters of discovery.'" Hollywood Café Diner, Inc. v. Jaffee, 473 N.J. Super. 210, 216 (App. Div. 2022) (quoting C.A.

4

by Applegrad v. Bentolila, 219 N.J. 449, 459 (2014) (alteration in original)). "It 'generally defer[s] to a trial court's disposition of discovery matters unless the court has abused its discretion[,] or its determination is based on a mistaken understanding of the applicable law.'" Ibid. (quoting C.A., 219 N.J. at 459 (alterations in original)).

The relevant language of Rule 4:24-1(c) is clear: "[n]o extension of the discovery period may be permitted after an arbitration or trial date is fixed, unless exceptional circumstances are shown." We have identified four factors to consider when deciding whether a party has shown "exceptional circumstances" warranting an extension of discovery.

> [T]he movant must demonstrate "(1) why discovery has not been completed within time and counsel's diligence in pursuing discovery during that time; (2) the additional discovery or disclosure sought is essential; (3) an explanation for counsel's failure to request an extension of the time for discovery within the original time period; and (4) the circumstances presented were clearly beyond the control of the attorney and litigant seeking the extension of time."
>
> [Hollywood Café Diner, 473 N.J. Super at 217 (quoting Rivers v. LSC Partnership, 378 N.J. Super 68, 79 (App. Div. 2005)).]

We affirm for the reasons set forth in the trial court's order of February 3, 2023, as well as the court's oral statement of reasons supporting its denial of

A-2773-22

reconsideration. While plaintiff did not, either before the trial court or in his merits brief before us, address each of the four factors to support his argument for a sixth discovery extension, we nonetheless offer the following brief comment.

A review of the record reveals nothing which would cause us to conclude that the trial court abused its discretion. The deposition which led to plaintiff's late-breaking expert issues took place after fact depositions were to have been completed. The trial court noted correctly that plaintiff failed to show due diligence by promptly moving to compel fact depositions prior to the deadlines set in the October 26, 2022 order. Staffing concerns, understandably impactful to plaintiff's counsel, are insufficient to show extraordinary circumstances on this record. See Hartsfield v. Fantini, 149 N.J. 611, 618 (1997) (recognizing exceptional circumstances do not encompass excusable neglect, negligence or carelessness by an attorney or his staff).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION